Welch, J.
It is well-settled law, that in an action, such as this was originally, an action for the price of goods sold, the defendant can not, without shewing the insolvency of the plaintiff, or some other cause giving the court equitable jurisdiction, have an account or settlement of a partnership between the parties, for the purpose of setting off any balance that may be found due to him on such settlement.
It seems to be equally well settled, that partners may, by special agreement touching any part of the partnership concerns, withdraw the same from the partnership account, and make the agreement, at the option of the parties wishing to enforce it, the foundation of an action at law, independent of the settlement of the partnership. The agreement here was undeniably one of the nature indicated, an agreement to take specific articles of partnership property at a fixed price, and to pay for them in a specified time. The action was, therefore, well brought, and in its inception was clearly one in which the parties would have been entitled to a jury trial. Nor is this character of the action taken away by the defense seeking an account and offset; because that defense could only avail by shewing the insolvency of the plaintiff, which the record here fails to-show.
The difficult question in the case is, as to the effect of G-reenleaf’s agreement of record, to have a full account of the partnership, including the subject of his action. We think he thereby waived his right to insist upon his separate action for the price of the goods, and the same became- *571 by his own. act merged in the equity case for an account. Greenleaf had the option, at any and all times after breach' of the special agreement, to treat it as a matter insulated' from the partnership concern, and make it the subject of a separate action, or to let it run into and form an item in the general account; and we see no good reason why this-option may not as well be exercised after as before the action is brought. It follows that the appeal was well taken, and that in dismissing it the District Court erred.

Judgment reversed and cause remanded.

White, Rex, Gilmore, and McIlvaine,-JJ., concurred.